UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VIVIAN JACKSON, Personal Representative of
the Estate of Darius Johnell James,

    Plaintiff,

v.                                                                    Case No.  5:10-cv-568-Oc-10TBS

EDWARD DEAN, Sheriff of Marion County
Florida, in his representative capacity, et al.,

    Defendants.
_____

## ORDER

Pending before the Court is Plaintiff's Motion for Permission to Subpoena Edward Dean for Trial (Doc. 72) and Defendant Dean's response thereto (Doc. 73).  A review of the record reveals that Defendant Dean is the Sheriff of Marion County, Florida and is being sued here in his official capacity.  (Doc. 1 ¶ 5).[1]

Exceptional circumstances must exist before a high-ranking government official may be compelled to testify for actions allegedly taken while operating in his official capacity.  See Slone v. Sheriff Grady Judd, No. 8:09-cv-1175-T-27TGW, 2011 U.S. Dist. LEXIS 48039, at *4-5 (M.D. Fla. April 26, 2011) (The court determined that the sheriff was "an independent constitutional officer and [was] elected to his position pursuant to the Florida Constitution . . . [and that a]s a high-ranking government official, he may not be called to testify about his reasons for taking official action 'absent extraordinary circumstances.'").  Courts have found that exceptional circumstances

---

[1] Defendant Dean, as the Sheriff of Marion County, Florida, is a "government official." Abusiad v. Hillsborough Cnty. Bd. of Cnty. Comm'rs., 405 F.3d 1298, 1306 n.5 (11th Cir. 2005) (citing FLA. CONST. ART. VIII, § 1(a), (d) (2012)) (The state of Florida is "divided into political subdivisions, the several Counties, and the Sheriff is a constitutional officer in each County.").

exist where a sheriff has unique or personal knowledge about the case. See Rocker v. City of Ocala Florida, 355 F. App'x 312, 314-15 (11th Cir. 2009) ("The court granted the protective order on the condition that Rocker could depose the Sheriff upon establishing that he had unique knowledge about her case."); see also Slone, 2011 U.S. Dist. LEXIS 48039, at *5-6 (the court determined that "Sheriff Judd [would] not be diverted from his duties to testify at trial" absent a showing by plaintiff that he had "personal knowledge about her case.").

In this case, Plaintiff seeks permission to subpoena the sheriff of Marion County to secure his appearance at trial. (Doc. 72). In support of her motion, Plaintiff reasserts her allegations against Defendant Dean and reproduces his responses to her requests for admissions, albeit with some inaccuracy. (Id.). Without proffering any evidence, Plaintiff maintains that Defendant Dean "has personal knowledge regarding material facts in this case, including but not limited to" the items listed in his responses to the requests for admissions. (Id. ¶ 3) This conclusory assertion, without more, is insufficient to satisfy the "exceptional circumstances" test that governs this type of subpoena request. Slone, 2011 U.S. Dist. LEXIS 48039, at *4-6; Rocker, 355 F. App'x at 314-15. .

Upon consideration of the foregoing, the Court hereby DENIES Plaintiff's motion.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on March 21, 2012.

THOMAS B. SMITH
United States Magistrate Judge

2

Copies to all Counsel