UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:  5:10-cv-568-Oc-10TBS

VIVIAN JACKSON,
Personal Representative of
the Estate of DARIUS JOHNELL
JAMES,

    Plaintiff,

vs.

EDWARD DEAN, Sheriff of Marion County,
Florida, in his representative capacity; and
PRESTON WEST,
RONALD BURNETT,
STANLEY ROSS,
MARK MCEWAN,
KENNETH MOSHER,
KENNETH SAVARESE,
MICHAEL FORTE,
TONY HAMPTON,
JOSEPH LAVERTUE, and
DONALD THORSBERG,
each in his individual capacity.

    Defendants.
_____/

## JOINT PRETRIAL STATEMENT

Plaintiff, Vivian Jackson, as Personal Representative of the Estate of Darius Johnell James and Defendants, Edward Dean, in his representative capacity, as Sheriff of Marion County, Florida; Preston West, Ronald Burnett, Stanley Ross, Mark McEwan, Kenneth Mosher, Kenneth Savarese, Michael Forte, Tony Hampton, Joseph Lavertue and Donald Thorsberg, each in his

individual capacity, by and through their undersigned attorneys, hereby submit their Joint Pretrial Statement, and state as follows:

**MEETING OF COUNSEL**

Counsel for the parties met telephonically on March 15, 2012, for the purpose of preparing this statement.

**I.      THE BASIS OF FEDERAL JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 as the Plaintiff has asserted civil rights claims against the Defendants under 42 U.S.C. §1981 and §1983.

**II.     NATURE OF THE ACTION**

The Plaintiff, as the Personal Representative of the estate of decedent, Darius James, brought this action pursuant to 42 U.S.C. §1983 against Defendant Dean in his representative capacity as Sheriff of Marion County Florida, and against Defendant Corrections Officers West, Burnett, Ross, McEwan, Mosher, Savarese, Forte, Hampton, Lavertue, and Thorsberg, each in his individual capacity.

Plaintiff alleges that Defendant Dean failed to adequately train his officers, and failed to follow his policies and directives, to the extent that such failures amounted to Dean's policy or custom.  Plaintiff alleges that the Defendant officers had subjective knowledge that James was at risk of self harm, including suicide, but were deliberately indifferent to the substantial risk that James would harm himself.

The Sheriff asserts that there were numerous policies designed to protect inmates from both themselves and others and that the officers were trained in those policies. Sheriff Dean was

not deliberately indifferent to the needs of inmates, including Inmate James and that he met his responsibilities to Decedent. No constitutional rights of Decedent were violated by the Sheriff.

Each of the individual officers has asserted that they are protected by qualified immunity, that they were not deliberately indifferent to the rights of the Decedent and that no misconduct occurred in their actions.

### III. STATEMENT OF THE CASE

    A.    The Plaintiff's Statement of the Case is attached hereto as Exhibit 1.

    B.    The Defendants' Statement of the Case is attached hereto as Exhibit 2.

### IV. LIST OF EXHIBITS

    A.    Plaintiff's List of Exhibits is attached hereto as Exhibit 3. The parties have not been able to agree as to objections since the scope of the trial and issues awaits the Court's rulings on pending motions, including the Defendants' three Motions for Summary Judgment. At such time, the parties will meet again and provide the Court with a detailed revised list with objections.

    B.    Defendants' List of Exhibits is attached hereto as Exhibit 4. The parties have not been able to agree as to objections since the scope of the trial and issues awaits the Court's rulings on pending motions, including the Defendants' three Motions for Summary Judgment. At such time, the parties will meet again and provide the Court with a detailed revised list with objections.

### V. LIST OF WITNESSES

    A.    Plaintiff's List of Witnesses is attached hereto as Exhibit 5.

    B.    Defendants' List of Witnesses is attached hereto as Exhibit 6.

### VI. LIST OF EXPERT WITNESSES

    A.    Plaintiff's List of Expert witnesses is attached as Exhibit 7.

      B.      Defendants' List of Expert witnesses is attached as Exhibit 8.

## VII. ELEMENTS OF DAMAGES

      A.      **Plaintiff's Claims for Damages:**

Plaintiff's claims for damages are attached hereto as Exhibit 9. Additionally, Plaintiff's costs and attorney's fees, subject to post-trial determination.

      B.      **Defendants' Claim as to Damages:**

Defendants' costs and possible attorney's fees, subject to post-trial determination.

## VIII. DEPOSITIONS TO BE OFFERED IN EVIDENCE AT TRIAL

1. Vivian Jackson.
2. Eddie Jackson.
3. Deanna Davis.
4. Calvin Batts.
5. Preston West.
6. Ronald Burnett.
7. Stanley Ross.
8. Mark McEwan.
9. Kenneth Mosher.
10. Kenneth Savarese.
11. Michael Forte.
12. Tony Hampton.
13. Donald Thorsberg.

The parties may also offer depositions for rebuttal or impeachment purposes as permitted under the Federal Rules of Evidence and Federal Rules of Civil Procedure.

IX. **STATEMENT OF ADMITTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**

1. This Court has jurisdiction of the parties and subject matter herein.

2. Darius James was a pre-trial detainee in the Marion County Jail between June 30, 2007 and October 14, 2007,

3. Darius James was committed suicide on October 14, 2007 by hanging himself using a bedsheet provided by the jail.

X. **AGREED UPON PRINCIPLES OF LAW**

None

XI. **STATEMENT OF DISPUTED FACTS WHICH REMAIN FOR RESOLUTION AT TRIAL**

1. Whether Decedent's federal rights were violated and the damages, if any, resulting from any violations.

XII. **ISSUES OF LAW FOR DETERMINATION BY THE COURT**

1. Those issues represented by pending motions together with those remaining following the Court's rulings.

2. Evidentiary issues during trial.

3. Attorney's fees and costs if applicable, to the prevailing party at the court's discretion.

XIII. **DISPUTED ISSUES AS TO THE APPLICATION OF THE RULES OF EVIDENCE AND PROCEDURE**

The parties are in agreement that the Federal Rules of Evidence and the Federal Rules of Civil Procedure are applicable to this proceeding.

XIV. **STIPULATIONS**

1. It will not be necessary for records custodians to be present to identify records obtained through subpoena, discovery, or FOIA requests which are either governmental records (including but not limited to records of the Marion County Sheriff's Office, the Marion County Jail, and Prison Health Services) or records that contain certifications as to their genuineness.

2. The parties agree to coordinate the appearance for testimony at trial of Defendants West, Burnett, Ross, McEwan, Mosher, Savarse, Forte, Hampton, and Thorsberg and it will not be necessary for Plaintiff to subpoena the foregoing Defendants for trial.

XV. **PENDING MOTIONS WHICH REQUIRE ACTION BY THE COURT**

A. Motion for Summary Judgment of Defendant, Edward Dean and Memorandum of Law, dated December 22, 2011 (Doc. 34).

B. Motion for Summary Judgment of Defendants' Kenneth Mosher, Kenneth Savarese, Michael Forte, Tony Hampton, Joseph Lavertue and Donald Thorsberg and Memorandum of Law, dated December 22, 2011 (Doc. 35). The Plaintiff's response to this motion stated she has no objection to summary judgment being entered in favor of Defendants Mosher, Savarese, and Hampton. (Doc. 48, p. 2.)

C. Motion for Summary Judgment of Defendants' Preston West, Ronald Burnett, Stanley Ross and Mark McEwan and Memorandum of Law, dated December 22, 2011 (Doc. 36).

D. Any motions in limine which may be filed by the parties.

WHEREFORE, Plaintiff and Defendants, by and through their undersigned counsel, pursuant to Order of the Court and Local Rule 3.06, respectfully submit this their Joint Pretrial Statement.

Dated: March 21, 2012.                                             Dated: March 21, 2012.

**/s/ Peggy A. Underbrink**                                        **/s/ John M. Green, Jr.**
Fla. Bar No. 599107                                                Fla. Bar No.: 0107993
P.O. Box 6125                                                      John M. Green, Jr., P.A.
Stuart, FL 34997                                                   125 N.E. First Avenue, Ste. 2
Tel: 888-811-0391                                                  Ocala, Florida  34470
Fax: 888-898-3840                                                  Tel.: 352-732-9252
peggyunderbrinklaw@mac.com                                         Fax:  888-545-7282 – Toll Free
Attorneys for Plaintiff                                            jmgjr@mac.com
                                                                   Attorneys for Defendants


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 21, 2012**, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will send notice of electronic filing to the following:  Peggy A. Underbrink.  I further certify that I sent the foregoing document and the notice of electronic filing by U.S. Mail to the following non-CM/EMF system participants:  N/A.

                                        **/s/ John M. Green, Jr.**
                                        Fla. Bar No.: 0107993
                                        John M. Green, Jr., P.A.
                                        125 N.E. First Avenue, Suite 2
                                        Ocala, Florida  34470
                                        Tel.: 352-732-9252
                                        Fax:  888-545-7282 – Toll Free
                                        jmgjr@mac.com
                                        Attorneys for Defendants